This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

   **Plaintiff-Appellee,**

v.                                        **No. 35,776**

**STACY HARPER,**

   **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE Judge.**

{1}     Defendant Stacy Harper appeals from her conviction for aggravated assault

with a deadly weapon asserting that the district court erred in refusing to give the self-defense instruction she requested. This Court issued a calendar notice proposing to reverse Defendant's conviction. The State has filed a memorandum in opposition to our notice of proposed disposition, which we have duly considered. Unpersuaded by the State's arguments, we reverse.

{2} In this Court's notice of proposed disposition, we pointed out that a defendant is entitled to jury instructions on her theory of the case if there is evidence to support her instruction, and the failure to give an instruction under such circumstances is reversible error. *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69. We further noted that, while a defendant is not entitled to a self-defense instruction if the defendant is the aggressor, according to UJI 14-5191 NMRA this does not hold true if (1) the victim "responded with force which would ordinarily create a substantial risk of death or great bodily harm," or (2) the victim "became the aggressor." We pointed out that Defendant's testimony provided evidence to support the alleged victim responding with force, via the swerving towards her, and thus, proposed that Defendant was entitled to a self-defense instruction. *See State v. Rudolfo*, 2008-NMSC-036, ¶ 27, 144 N.M. 305, 187 P.3d 170 (providing that "there need only be enough evidence to raise a reasonable doubt in the mind of a juror about whether the defendant lawfully acted in self-defense"). Finally, we noted that to the extent there

was a question of the objective reasonableness of Defendant's actions raised by Defendant waving a firearm in response to a car allegedly swerving towards her, such questions were best left to the jury to consider. [CN 3-5]

**{3}** The State contends that the question of reasonableness is not best left to the jury in this case, arguing that where "the defendant's response to the victim's actions is disproportionate to the victim's actions, our courts have found insufficient evidence to support each element of the self-defense instruction." [MIO 3-4] The State contends that, while Defendant testified that the victim swerved towards her, there was "nothing in the record to indicate that the red Jeep swerved out of its own lane, or made contact with Defendant's vehicle[.]" [MIO 3] Thus, the State contends there was nothing to indicate that the victim responded with deadly force that created a threat of great bodily harm, and, therefore, Defendant responded to the use of non-deadly force (the swerving) with deadly force (threatening the victim with a firearm). [Id.]

**{4}** We are not convinced. First, the case law the State relies on in support of its argument addresses factual scenarios where the defendants' responses were clearly disproportionate, and significantly more so than the conduct in this case. *See State v. Lopez*, 2000-NMSC-003, ¶ 26, 128 N.M. 410, 993 P.2d 727 (holding that there was insufficient evidence that the defendant had been put in fear where the victim drew a pocket knife and the defendant stabbed the victim fifty-four times with  a kitchen

3

knife and then crushed his skull with a rock); *State v. Lucero*, 1998-NMSC-044, ¶ 8, 126 N.M. 552, 972 P.2d 1143 (holding that the defendant was not entitled to a self-defense instruction where a rival gang member made a gang sign and the defendant followed him, drew his weapon, and fired his gun into the air); *State v. Emmons*, 2007-NMCA-082, ¶ 12, 141 N.M. 875, 161 P.3d 920 (holding that the defendant was not acting in self-defense when he chased down men repossessing his truck and forced them off the road at gunpoint).

**{5}** Second, our case law has recognized that a vehicle may be considered a deadly weapon when used in such a manner that it could inflict death or great bodily harm. *See State v. Mantelli*, 2002-NMCA-033, ¶¶ 40-48, 131 N.M. 692, 42 P.3d 272. Thus, whether it was reasonable for Defendant to respond as she did would turn on the very specific facts of the case, and as such, is a question for the jury. *See id.* ¶ 40 (recognizing that whether a suspect had used a vehicle as a deadly weapon justifying the officer's use of deadly force was a "factual and situational inquiry" that this Court ultimately concluded was best left to the jury). While this Court may have questioned the reasonableness of Defendant's conduct in our notice of proposed disposition, questioning the reasonableness of Defendant's conduct is much different than concluding that no reasonable jury could conclude that Defendant's conduct was reasonable under the circumstances of this case. *See Rudolfo*, 2008-NMSC-036, ¶ 27

4

("If any reasonable minds could differ, the instruction should be given."). This, we cannot do based on the facts of the case.

{6}    Accordingly, for the reasons discussed above and those articulated in this Court's notice of proposed disposition, we reverse.

{7}    **IT IS SO ORDERED.**


_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____

**M. MONICA ZAMORA, Judge**


_____

**HENRY M. BOHNHOFF, Judge**